IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GREGORY ROLAND,

    Petitioner,
v.                                         CASE NO. 1:20-cv-255-AW-GRJ

SECRETARY, FLORIDA
DEPT. OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Gregory Roland, DOC Inmate #038354, initiated this case by filing a *pro se,* handwritten pleading styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petition is defective in several respects. First, Petitioner failed to use the Court's form for § 2254 habeas petitions. Under Local Rule 5.7(A), a *pro se* party must file a petition for writ of habeas corpus on the Court-approved form. N.D. Fla. Loc. R. 5.7(A). "The Court need not—and ordinarily will not—consider a petition, motion, or complaint that is not field on the proper form." *Id.* Further, Petitioner failed to either pay the $5.00 habeas corpus filing fee or file a motion for leave to proceed *in forma pauperis.* Pursuant to N.D. Fla. Loc. R. 5.1(H), "[a] civil action shall not be filed by the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to

Case 1:20-cv-00255-AW-GRJ    Document 3    Filed 11/03/20    Page 2 of 3

*Page 2 of 3*

proceed *in forma pauperis* [IFP]."

In the interest of judicial economy, and for the following reasons, the Court will not require Petitioner to correct these deficiencies because it is clear that the Petition is due to be dismissed as successive.

The Petition stems from Petitioner's 2011 Levy County conviction for tampering with or harassing a witness, in violation of Section 914.22(3)(a), Florida Statutes, for which he received a sentence of 30 years of imprisonment. *See* ECF No. 1; *see also Roland v. Sec'y,* Case Nos. 1:15-cv-267 & 262 (consolidated), ECF No. 121 (N.D. Fla. Mar. 12, 2019) (denying petition and denying a COA). Petitioner's appeal was dismissed for lack of prosecution. *Roland*, Case No. 1:15-cv-267, ECF No. 130.

In order to file a second or successive § 2254 petition challenging the same conviction, a petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Secretary, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

Petitioner has not demonstrated that he has obtained the requisite authorization from the Eleventh Circuit to file a successive habeas petition,

nor does this Court's review of the PACER case index reflect that he has done so.

Accordingly, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, be **DISMISSED** for lack of jurisdiction. The **Clerk** must send Petitioner the forms necessary to seek authorization from the Court of Appeals to file a second or successive petition.

**IN CHAMBERS** this 3rd day of November 2020.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.